**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4273**

—————————

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KEITH DELPREE MAHATHA,

Defendant – Appellant.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:06-cr-00108-NCT-1)

—————————

Argued:  January 26, 2024                        Decided:  August 19, 2025

—————————

Before AGEE and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ARGUED:**  Peter Donald Zellmer, PETER D. ZELLMER, PLLC, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:**  Sandra J. Hairston, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Dupree Mahatha challenges the district court's denial of his motion for a sentence reduction under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), arguing that the court's reasoning was procedurally and substantively unreasonable. The district court explained that it would not grant Mahatha's motion because its sole purpose was to allow him to "bank time" to be credited toward any sentence it would impose in the same hearing based on the revocation of Mahatha's supervised release. Finding no reversible error in the district court's approach to Mahatha's motion or its reasons for denying relief, we affirm.

I.

In 2007, Mahatha pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and was sentenced to a below-Guidelines term of 161 months' imprisonment and five years' supervised release. In April 2018, he was released from prison to serve his supervised release term.

Less than six months later, Mahatha violated the terms of his supervised release by committing new criminal acts for which he was convicted in state court. In light of those acts, the Government moved to revoke his federal supervised release.

In response, Mahatha petitioned under the First Step Act to be resentenced for his 2007 federal conviction. Due to the First Step Act's provisions and attendant changes to the Sentencing Guidelines, Mahatha's statutory terms of imprisonment and advisory Guidelines range would have been significantly less than they had been when he was

2

sentenced to the prior 161 months' imprisonment.[1] Mahatha argued that the district court

should grant his motion, and then impose a sentence that reflected an equivalent percentage

reduction from his revised Guidelines range to that which he had received based on his

original Guidelines range. Mahatha acknowledged that the sole purpose in obtaining his

desired sentence reduction would be to allow him to "bank" time. Under Bureau of Prison

policy, time a prisoner has "overserved" on his sentence can be applied to any future term

---

[1] Section 404(b) of the First Step Act provides one of the handful of scenarios in which a district court may modify a term of imprisonment after it has been imposed. § 404(b), 132 Stat. at 5222; *see* 18 U.S.C. § 3582(c)(1)(B). Specifically, it gives retroactive effect to certain provisions of the Fair Sentencing Act of 2010, "allow[ing] previously sentenced defendants to file a motion requesting the sentencing court to impose a reduced sentence" based on the more lenient statutory framework implemented by the Fair Sentencing Act. *United States v. Venable*, 943 F.3d 187, 188–89 (4th Cir. 2019) (quoting First Step Act § 404; 132 Stat. at 5222).

Relevant to Mahatha's motion, the Fair Sentencing Act increased the threshold levels of crack cocaine a defendant must possess to trigger certain statutory penalties under 21 U.S.C. § 841(b)(1). And the First Step Act allowed Mahatha to argue in favor of a reduced sentence based on the amount of cocaine to which he had pleaded guilty to possessing now being punishable by five to forty years' imprisonment and four to five years of supervised release rather than the statutory penalties in place at the time of his original sentencing, which were ten years' to life imprisonment and five years of supervised release. *Compare* Fair Sentencing Act, Pub. L. No. 111-220 § 2, 124 Stat. 2372, 2372 (2010), *with* 21 U.S.C. § 841(b)(1)(A)(iii) (2006).

To fall in line with the Fair Sentencing Act, the Sentencing Guidelines were also amended to reflect a lower Guidelines range based on offenses involving the same quantities of crack cocaine. This change meant that if Mahatha's motion for resentencing was granted, his recommended Guidelines range would also be lower. *See United States v. Chambers*, 956 F.3d 667, 672–74 (4th Cir. 2020) (stating that when a district court imposes a new sentence under the First Step Act, it "does not simply adjust the statutory minimum; it must also recalculate the Guidelines range"), *abrogated on other grounds by Concepcion v. United States*, 597 U.S. 481, 498 n.6 (2022).

of imprisonment that is imposed based on, inter alia, the revocation of the prisoner's supervised release. *See United States v. Jackson*, 952 F.3d 492, 497–98 (4th Cir. 2020) (discussing the concept of "banked time"). So, for example, because Mahatha had served 161 months in prison for his 2007 federal conviction, if he were resentenced for that offense to anything less than that term, the BOP could apply that "overserved" time toward a revocation sentence, meaning that he would serve a fraction or even no additional time in prison as a result of violating the conditions of his supervised release.

The district court held a joint hearing on Mahatha's motion for resentencing and the Government's request to revoke his supervised release. During that hearing, the district court recognized its statutory authority to grant Mahatha's motion despite the fact that he was no longer in prison. J.A. 30 ("[T]here is no quarrel that statutorily and under case law, . . . the Court would have the discretion under the Fair Sentencing Act [to resentence Mahatha]."). After recognizing its power to act, the district court declined to exercise its discretion to do so, explaining that doing so in this case would "destroy[] any effectiveness of supervised release." J.A. 46. In full, the court told Mahatha that

> if you were still in prison on the federal sentence and you were serving that in the Federal Bureau of Prisons and you filed a motion under the First Step Act and were able to show me what has been shown [today], what I would have done – of course I would hear from the Government, but I would have given you a time-served sentence so you could have been released then. I probably would not have shortened your supervised release. Might have. But in a resentencing hearing, I wouldn't consider doing that. All it does is give banked time. It complete[ly] eviscerates, destroys any effectiveness of supervised release, so I would not have done that, even if you had been in prison.

J.A. 46.

4

After denying Mahatha's motion, the district court granted the Government's request to revoke supervised release and sentenced him to a revocation sentence of 24 months' imprisonment to be followed by an additional 36 months' supervised release. It observed that Mahatha had re-offended less than six months after having served a substantial sentence for his federal offense and that his state crimes clearly violated the terms of his release. Last, the court noted that these concerns, coupled with his commission of those new crimes while in possession of a firearm, led it to conclude that the public was best served by revoking release. Consequently, the court remanded Mahatha to federal prison to serve a 24-month sentence.

Mahatha noted a timely appeal of the denial of his First Step Act motion, and the Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).[2]

## II.

On appeal, Mahatha urges us to conclude that the district court abused its discretion by denying his motion for a sentence reduction, resulting in a substantively unreasonable sentence.

We review a district court's decision to deny resentencing under the First Step Act, § 404(b), 132 Stat. at 5222, for abuse of discretion, *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023). An abuse of discretion occurs when the district court "acts arbitrarily

---

[2] Mahatha does not challenge the district court's decisions to revoke his supervision or impose a sentence of 24 months' imprisonment for that revocation, so those determinations are not before us in this appeal.

5

or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (quoting *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007)).

## III.

Mahatha raises two principal arguments on appeal. First, he contends the district court's statement that it "wouldn't consider" reducing his sentence reflected that it misapprehended its statutory authority to resentence him. Second, he argues that even if the district court understood its discretion to resentence him, its refusal to do so resulted in a substantively unreasonable sentence because it left unaddressed the remedial purposes of the First Step Act. We address each argument in turn.

Mahatha's first argument fails because the record reflects that the district court clearly understood it had discretion to act, but that it simply declined to exercise that discretion in the way Mahatha wanted. By recognizing at the outset of the hearing that there was "no quarrel" as to its ability to resentence Mahatha, the district court acknowledged that it could do exactly as Mahatha requested. J.A. 30 ("I think there is no quarrel that statutorily and under case law, there is a sufficient change, so the Court would have [] discretion under the Fair Sentencing Act."). Then, after entertaining the parties' arguments on whether the court should exercise that discretion and what resentencing would accomplish, it declined to resentence Mahatha. Read in the broader context of the dual-purpose hearing and the court's surrounding discussion, set out earlier, when the court said

6

that it "wouldn't consider" resentencing Mahatha, it plainly meant that it had decided not to exercise its discretion to do so. J.A. 46. Put differently, the court's words do not reflect an opinion as to the scope of its authority to act, but rather pronounce its decision not to act under the specific circumstances of Mahatha's case. That the same rationale—concerns that "giv[ing] banked time . . . [would] complete[ly] eviscerate[], destroy[] any effectiveness of supervised release"—may apply with equal force to other defendants does not make it any less true of Mahatha. J.A. 46.

The district court's recognition of its statutory authority to act before deciding whether to exercise that authority distinguishes this case from *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019). There, the district court "summarily denied" the defendant's motion for resentencing under the First Step Act after noting that "[n]o reduction is authorized" under the Act because the defendant had "finished his term of incarceration and is currently in custody following revocation of his supervised release." *Id.* at 190 (cleaned up). We vacated and remanded the court's judgment to consider the merits of the defendant's motion after concluding that the district court acted under the mistaken belief that it lacked "*authority* to resentence a defendant serving a term of imprisonment for revocation of supervised release whose original, underlying conviction was for" an offense covered by the First Step Act and Fair Sentencing Act. *Id.* at 194. Our decision in *Venable* resulted solely from that district court's plainly mistaken view of its statutory authority to consider the merits of the defendant's argument. Contrary to Mahatha's contention, *Venable* has no application here, because the district court correctly understood its authority and simply decided not to exercise that power as Mahatha requested.

We also reject Mahatha's related contention that the district court abused its discretion by basing its denial of his motion on the fact that he had been released from prison and sentencing him to anything lower than time served would result in banked time. Indeed, we have previously held that district courts do not abuse their discretion by considering banked time as part of their reasoning for denying a motion for reduced time. *Jackson*, 952 F.3d at 499–502. Even when a defendant may otherwise be *eligible* for a reduced sentence, "a defendant is *not entitled* to a sentence that would result in banked time." *Id.* at 499 (emphasis added). And "[t]he possibility of banked time that may be used to satisfy or offset a future supervised release revocation sentence is relevant to at least two" § 3553(a) factors that district courts must consider in deciding whether to grant relief: "whether the sentence imposed will 'protect the public from further crimes of the defendant' and 'afford adequate deterrence to criminal conduct.'" *Id.* at 500 (quoting § 3553(a)(2)(B), (C)).

All this to say, the district court properly understood its authority to grant Mahatha the relief he sought and it appropriately considered the matter of banked time as part of its decision whether to grant that relief.

Turning to Mahatha's second argument, the district court's denial of his motion did not result in a substantively unreasonable sentence for his 2007 federal conviction. *See United States v. Swain*, 49 F.4th 398, 402 (4th Cir. 2022) (recognizing that sentences resulting from a § 404 First Step Act motion's denial are subject to substantive reasonableness review). "A sentence is substantively unreasonable if it is longer than necessary to serve the purposes of sentencing." *Id.* "Substantive-reasonableness review

8

requires us to consider the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (cleaned up). But our review remains "highly deferential," and "should not be overly searching, because it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence." *United States v. Smith*, 75 F.4th 459, 466 (4th Cir. 2023) (cleaned up).

The Supreme Court has instructed that "the proper 'benchmark' for the district court's analysis (and for our review)" of whether to grant a First Step Act motion for a reduced sentence "is the impact of the Fair Sentencing Act on the defendant's Guidelines range." *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023) (quoting *Concepcion*, 597 U.S. at 498 & n.6). A sentence within that recalculated Guidelines range is afforded a presumption of substantive reasonableness. *Id.* at 181.

Here, Mahatha's "benchmark" Guidelines range—that is, his recalculated Guidelines range only to account for adjustments resulting from the Fair Sentencing Act— is 188 to 235 months' imprisonment. His 161-month sentence is below that recalculated Guidelines range and thus is entitled to a presumption of reasonableness on appellate review.

Mahatha has not rebutted this presumption. At the outset, he inaptly likens his circumstances to those of the defendant in *Swain*. There, the district court's denial of the motion for a reduced sentence meant that the defendant was (1) still serving, (2) a sentence that was the equivalent of an upward-variant sentence under his recalculated benchmark Guidelines range, and (3) the district court "fail[ed]" to address why "such a large upward

9

variant sentence was warranted" under the § 3553(a) factors and the remedial purposes of the First Step Act. 49 F.4th at 402–04. By contrast, none of these three key considerations in *Swain* exist in this case. Mahatha is no longer serving a term of imprisonment, his sentence is a below-Guidelines sentence even under his recalculated Guidelines range, and the district court's statements throughout the hearing explain why this sentence was appropriate under the § 3553(a) factors and in light of First Step Act's remedial purposes.

While Mahatha argues in favor of a proportional decrease from the Guidelines to the sentence he previously received, nothing in the FSA entitles him to that result. And even in the FSA-resentencing context, "[d]isagreement with how a district court balances the § 3553(a) factors is insufficient to overcome the district court's discretion." *Swain*, 59 F.4th at 403. At bottom, the district court's discussion throughout the hearing demonstrates that it fully considered the relationship between the § 3553(a) factors and Mahatha's 161-month sentence. In so doing, it gave "individual consideration to the defendant's characteristics in light of the § 3553(a) factors," *id.*, ensuring that Mahatha's sentence accounted for the remedial aims of the First Step Act, the consequences of imposing a sentence that created banked time, and the reality that Mahatha had already re-offended and was facing revocation of supervised release. The district court's decision not to grant Mahatha's motion did not result in a substantively unreasonable sentence.

## IV.

For the reasons set out above, we affirm the district court's judgment.

*AFFIRMED*

10